

**ORDERED in the Southern District of Florida on December 14, 2010.**

_____
**A. Jay Cristol, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
*Miami Division*
www.flsb.uscourts.gov

IN RE:
LEXI DEVELOPMENT COMPANY, INC.,                    CASE NO.  10-27573-BKC-AJC
                                                                                    CHAPTER 11
            Debtor.          /
                                                                                    ADV. NO. 10-3254-BKC-AJC-A
LEXI NORTH BAY LLC, a Florida
limited liability company,

            Plaintiff,
v.

LEXI DEVELOPMENT COMPANY,
INC., a Florida corporation, KJB
VILLAGE PROPERTY, LLC, a Florida
limited liability company, SCOTT
GREENWALD, an individual, and AMY
GREENWALD, an individual,

            Defendants.          /

LEXI DEVELOPMENT COMPANY, INC.
a Florida corporation,

            Counter-Plaintiff,
v.

LEXI NORTH BAY LLC, a Florida
Limited liability company,

            Counter-Defendant.          /

## ORDER GRANTING LEXI NORTH BAY LLC'S MOTION TO REMAND

**THIS MATTER** came before the Court on September 20, 2010 at 10:00 a.m. upon Lexi North Bay LLC's ("North Bay"), the Lender's, Motion to Remand [D.E. 7] to state court its action upon non-debtors' personal guaranties of the Debtor's pre-petition construction loan. The removed action includes the foreclosure case against the Debtor, but that claim is stayed by operation of 11 U.S.C. §362 and North Bay does not seek stay relief at this time. The only issue before the Court is whether to remand to state court the case on the personal guaranties against the non-debtor guarantors. The Court having considered argument of counsel and having reviewed the record in these proceedings has decided that the matter is to be remanded to state court.

### THE UNDERLYING STATE COURT PROCEEDING

1. The Debtor and non-debtor guarantors removed to this Court the state court proceeding styled <u>Lexi North Bay, LLC v. Lexi Development Company, Inc. et al</u>, an action upon the mortgage, note and guaranties which has been pending since June, 2009 in the Eleventh Judicial Circuit in and for Miami-Dade County, Case No. 09-45018-CA-10 (the "State Court Action"). On the day Debtor filed its Chapter 11 petition, the lender's motion for final summary judgment was to be heard. Trial, if necessary, was scheduled for just a short time later.

### MANDATORY ABSTENTION

2. This Court abstains from the State Court Action and remands it to proceed in its original forum, the state court. Section 1334(c)(2), title 28, United States Code, provides that "[u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 … the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." Under this section, this Court must abstain from jurisdiction when (1)

the action has no independent basis for federal jurisdiction, other than 28 U.S.C. §1334(b); (2) the action is a non-core proceeding; (3) an action has been commenced in state court; and (4) the action could be timely adjudicated in state court. *See Hayim v. Goetz (In re Sol)*, 419 B.R. 498, 504 (Bankr. S.D. Fla. 2009).

3. There is no independent basis for federal jurisdiction. The State Court Action involves purely state law claims. Debtor urges that this case includes core issues of bankruptcy law because Debtor wants to consolidate with this case a newly-filed adversary proceeding where the Debtor has sued Great Florida Bank and North Bay, claiming that there is a question of priority of liens between Great Florida and North Bay. However, that issue is not presented in the State Court Action which is sought to be remanded. Great Florida Bank is not a party to the State Court Action. Indeed, the state court *denied* Great Florida Bank's Motion to Intervene in the State Court Action. This case is not a core proceeding because there is no actual dispute in this particular matter regarding the extent, priority, and validity of liens. That question is raised only in two other cases: the adversary proceeding commenced by the Debtor against Great Florida Bank and North Bay, and in a separate and not removed state court case commenced by Great Florida against North Bay.[1] Notably, the individual non-debtors who joined in the removal and oppose remand are not parties to either of those other actions.

4. The matter was commenced in state court and proceeded to the verge of final adjudication. The State Court Action was specially set for non-jury trial in July, 2010. There is adequate evidence that the Eleventh Judicial Circuit has demonstrated it can timely adjudicate the State Court Action and that it desires to proceed to trial expeditiously.

---

[1] <u>Lexi Dev. Co., Inc. v. Lexi North Bay LLC et al</u>, Adv. Case No. 10-03582, and <u>Great Florida Bank v. Lexi Dev. Co. et al</u>, Case No. 10-28467 CA 15 pending in the 11th Circuit in and for Miami-Dade County, Florida

3

**PERMISSIVE ABSTENTION**

5. Even if the Court were not compelled to remand this matter, it would exercise its discretion and abstain from hearing and trying this case against non-debtor personal guarantors of pre-petition debt. Sections 1134(c)(1) and 1452(b), title 28, United States Code, give this Court broad discretion to abstain from and remand state court proceedings in the interests of comity or on equitable grounds. In deciding whether to invoke permissive abstention, the Court looks to (1) the effect on the efficient administration of the bankruptcy estate if discretionary abstention is exercised; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts; (5) the jurisdictional basis, if any, other than § 1334; (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action. *In re: Sol*, 419 B.R. at 508-510.

6. For the same reasons mandatory abstention is required, permissive abstention is proper. The State Court Action is a non-core proceeding with no independent federal jurisdiction, state court issues predominate over bankruptcy issues, non-debtor defendants are present, and the action almost reached final adjudication in the state trial court. It is essentially an action upon personal guaranties, a typical state law proceeding. Moreover, Great Florida

Bank has commenced a separate state court action related to the State Court Action which still remains in state court. Equity and comity considerations warrant remand of this proceeding.

**ORDERED AND ADJUDGED** that the Motion is GRANTED and the Court abstains from hearing and trying this proceeding under both mandatory and permissive statutory provisions. This proceeding is remanded to the state court and the Clerk is directed to close this adversary proceeding.

# # #

Submitted by:
Laura Fortney Gross, Esq.
Gunster, Yoakley & Stewart, P.A.
One Biscayne Tower
2 South Biscayne Blvd., Suite 3400
Miami, FL  33131-1897
Telephone: (305) 376-6000
Email: lgross@gunster.com
*[Attorney Gross is directed to serve a copy of this Order upon all parties in interest and file a certificate of service]*

WPB 1093069.2